Dennis W. DAVIS, Ina Mae Abramson, Johnnie O. Harden, Michael G. Murks and Annie Mae Waddell, Plaintiffs–Cross–Claim Defendants–Appellants,

v.

Osbie J. LINVILLE, individually and as Lauderdale County Superintendent of Education; Probate Judge William B. Duncan, Sheriff Billy Townsend, and Circuit Court Clerk Kenneth C. Austin, in their official capacities as members of the Board of Election Supervisors for Lauderdale County, AL, Defendants–Appellees,

William D. Johnson, Randy K. Thigpen, and Rick Duncan, Defendants–Intervenors–Cross–Claim Plaintiffs–Appellees.

No. 88–7365
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Jan. 25, 1989.

Rehearing and Rehearing In Banc Denied March 8, 1989.

**128**

Mark B. Craig, Decatur, Ala., for plaintiffs-cross-claim defendants-appellants.

J.R. Brooks, Ford, Caldwell, Ford & Payne, Huntsville, Ala., for Osbie J. Linville.

Harold G. Peck, Peck & Morrow, Florence, Ala., for William Johnson, R. Thigpen & Rick Duncan.

Marvin A. Wilson, Florence, Ala., Don Siegelman, Atty. Gen., Gregory O. Griffin, Asst. Atty. Gen., Montgomery, Ala., for Duncan & Sheriff Townsend.

Before HILL, JOHNSON and ANDERSON, Circuit Judges.

PER CURIAM:

### FACTS

The City of Florence, Alabama, a municipality located wholly within Lauderdale County, Alabama, maintains a school system and a Board of Education independent and separate from that of Lauderdale County. In 1975, the Alabama legislature enacted 1975 Ala. Acts 633, which excluded Florence residents from voting for County Board of Education members. However, residents of the City of Florence continue to participate in the election of the Lauderdale County Superintendent of Education by virtue of 1931 Ala.Acts 33, § 1. This statute provides that the Lauderdale County Superintendent of Education is to be elected by all qualified electors in the county and makes no distinction between those electors residing in the city limits of Florence and those residing outside the city limits.

In this action, qualified electors residing in Lauderdale County challenge the constitutionality of 1931 Ala.Acts. 33, § 1. These electors allege that residents of the City of Florence do not have a substantial legitimate interest in the election of the Lauderdale County Superintendent, and that participation in the election by Florence residents dilutes the vote of those residents, who reside outside the city limits of Florence, in violation of their Fourteenth Amendment right to the equal protection of the laws.

Named as defendants were Osbie T. Linville, individually and as then Superintendent of Education; and Probate Judge William Duncan, Sheriff Billy Townsend and Circuit Court Clerk Kenneth Austin, all in their official capacities as members of the Board of Election Supervisors for Lauderdale County. Three citizens were allowed to intervene as defendants, claiming an interest as residents of either Florence or Lauderdale County. Linville and the intervening defendants moved for summary judgment, as did the plaintiff electors. The district court granted Linville and the intervening defendants' motion for summary judgment and declared that the local act did not violate the equal protection clause or any other constitutional provision.[1]

The district court noted that a nearly identical issue had been addressed in four other cases which are binding on this court. These cases are *Creel v. Freeman,* 531 F.2d 286 (5th Cir.1976); *Phillips v. Andress,* 634 F.2d 947 (5th Cir. Unit B Jan. 22, 1981); *Hogencamp v. Lee County Board of Education,* 722 F.2d 720 (11th Cir.1984); and *Sutton v. Escambia County Board of*

---

1. The district court dismissed the action with prejudice as against defendants Duncan, Townsend and Austin. Although they had not filed a motion for summary judgment, the declaratory relief granted by the court precluded any claim by the plaintiffs against them.

*Education,* 809 F.2d 770 (11th Cir.1987), *reh'g en banc denied,* 817 F.2d 761 (1987). In *Creel* and *Sutton,* the court concluded that the city residents had a substantial interest in the election of county education officials and that the voting schemes in place in the counties in question were constitutional. In *Phillips* and *Hogencamp,* the court concluded that the interests of the city residents were less than substantial and, in turn, that the challenged voting schemes were unconstitutional.

After a careful review of the undisputed facts, the district court found the case at bar to be more like *Creel* and *Sutton.* The court found that the interests of the residents of Florence are more closely aligned with those of the city residents in *Creel* and *Sutton* and that the Florence residents have a substantial interest in the election of the Lauderdale County Superintendent of Education. The court therefore granted the motion of Linville and the intervening defendants for summary judgment and declared that 1931 Ala. Acts 33, § 1 does not violate the equal protection clause of the Fourteenth Amendment.

## DISCUSSION

The issue before this court is whether the district court erred in granting summary judgment to Linville and the intervening defendants; that is, whether the district court erred in finding that there was no genuine issue as to any material fact with respect to whether the residents of the City of Florence have a substantial interest in the election of the Lauderdale County Superintendent of Education. We agree with the district court that no genuine issue as to any material fact exists with respect to whether the residents of Florence have the requisite substantial interest.

In determining the constitutionality of a statute such as 1931 Ala. Acts 33, § 1, the aforementioned four cases, which are binding on this court, are in agreement as to the standard to be applied. As set out in *Sutton:*

> The party seeking to exclude city residents from voting in the county school board elections has the burden of demon-

strating that the application of the Alabama statute here is irrational or wholly irrelevant to the state's objective of electoral participation in the selection of county school board members. The test for whether the statute is irrational as applied to the particular county is whether the city residents have a substantial interest in the operation of the county school system. If the city residents do not have a substantial interest, then the state must exclude the city residents from voting.

809 F.2d at 772 (citations omitted). As pointed out by the district court, the inquiry, in essence, is whether city residents have a substantial interest in the election of county education officials.

The district court discussed at length the facts and holdings of *Creel, Sutton, Phillips* and *Hogencamp.* We need not elaborate on them further here. Looking at the undisputed facts in the case before us and at these four precedential cases, we agree with the district court that the situation in Lauderdale County more closely resembles those presented in *Creel* and *Sutton.*

To begin with, we note that Florence residents have a lesser voice in Lauderdale County educational matters than did the city residents in any of the four above-cited cases. Florence residents are already statutorily precluded from participating in the election of Lauderdale County Board of Education members and may vote *only* for the Lauderdale County Superintendent of Education. As in *Creel* and *Sutton,* the city residents did not appear to have dominated previous elections; the superintendent elected in at least four of the past five elections has been the preferred candidate of the majority of the non-city voters.

There is admittedly considerable student cross-over between the Florence and Lauderdale County school systems. The two systems have virtually an open door policy: approximately 189 Florence students attended the county schools in 1986–87, with 177 such attendees in 1987–88, while approximately 120 county students currently attend city schools. While each system maintains its own vocational school, some

county students attend the city's vocational program upon payment of fees by the county. A school for the handicapped is maintained by the city system and is attended by several county students, upon payment of fees by the County Board. In addition, county bus drivers and bus aides fulfill certain functions in the city system.

Moreover, in the present case, it is uncontradicted that the residents of Florence contribute proportionally more financial support to the County Board of Education than was the case in either *Phillips* or *Hogencamp*. While only 54% of the population of Lauderdale County lives outside the city of Florence, the County Board of Education receives 62% of the countywide sales tax revenues and 75% of countywide tobacco tax revenues. Similarly, while only 49% of the value of assessed property in Lauderdale County is attributable to property found outside the city limits of Florence, 62% of the countywide property taxes earmarked for education go to the County Board.

From the foregoing facts, it is clear that the district court was correct in concluding that the residents of Florence have a substantial interest in the election of the Lauderdale County Superintendent of Education. There being no genuine issue as to any material fact, the order of the district court, granting summary judgment to Linville and the intervening defendants, is AFFIRMED.